1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   JAIME IGNACIO ESTRADA,              )    No. C 12-0592 LHK (PR)
                                        )
             Plaintiff,                  )    ORDER GRANTING LEAVE TO
11                                       )    FILE AMENDED COMPLAINT;
       vs.                               )    ORDER OF SERVICE;
12                                       )    DIRECTING DEFENDANTS TO
                                        )    FILE DISPOSITIVE MOTION
13   MICHAEL SAYRE, et al.,              )    OR NOTICE REGARDING
                                        )    SUCH MOTION; ORDER
14           Defendants.                 )    DENYING MOTION TO
                                        )    APPOINT COUNSEL
15   _____ )

16

17          Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint[1]

18   pursuant to 42 U.S.C. § 1983 alleging that two Pelican Bay State Prison ("PBSP") officials

     violated his constitutional rights.  Plaintiff is granted leave to proceed in forma pauperis in a
19
     separate order.  For the reasons stated below, the Court orders service on named Defendants.
20
                                    **DISCUSSION**
21
     A.     Standard of Review
22
            A federal court must conduct a preliminary screening in any case in which a prisoner
23
     seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*
24
     28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss
25
     any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
26

27          [1] Plaintiff's motion for leave to file an amended complaint is granted.  The Clerk is
28   directed to file Plaintiff's amended complaint.

     Order Granting Leave to Filed Amended Complaint; Order of Service; Directing Defendants to File Dispositive
     Motion or Notice Regarding Such Motion; Order Denying Motion to Appoint Counsel
     G:\PRO-SE\SJ.LHK\CR.12\Estrada592srv.wpd

seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

§ 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law.  *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988).

B.    <u>Plaintiff's Claims</u>

      Liberally construed, Plaintiff states a cognizable claim of deliberate indifference to his

serious medical needs against Defendants C. Malo-Clines and CMO Michael Sayre.  Plaintiff

also states a cognizable claim of retaliation against Defendant C. Malo-Clines.  The Court

exercises its supplemental jurisdiction over Plaintiff's state law claims.

C.    <u>Appointment of Counsel</u>

      Plaintiff's motion for appointment of counsel is DENIED for want of exceptional

circumstances.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v.*

*Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a

civil case).  The issues in this case are not particularly complex, and Plaintiff has thus far been

able to adequately present his claims.  This denial is without prejudice to the Court's *sua sponte*

appointment of counsel at a future date should the circumstances of this case warrant such

appointment.

**CONCLUSION**

      For the foregoing reasons, the Court hereby orders as follows:

      1.    Plaintiff's motion for leave to filed an amended complaint is GRANTED.

Plaintiff's motion for appointment of counsel is DENIED.

      2.    The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended

complaint and all attachments thereto (docket no. 3), and a copy of this Order to **Chief Medical**

Order Granting Leave to Filed Amended Complaint; Order of Service; Directing Defendants to File Dispositive
Motion or Notice Regarding Such Motion; Order Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.12\Estrada592srv.wpd   2

1   **Officer Sayre and Nurse Practitioner C. Malo-Clines** at **Pelican Bay State Prison.**

2   The Clerk of the Court shall also mail a courtesy copy of the amended complaint and a

3   copy of this Order to the California Attorney General's Office.  Additionally, the Clerk shall

4   mail a copy of this Order to Plaintiff.

5   3.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

6   requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

7   Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on

8   behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear

9   the cost of such service unless good cause be shown for their failure to sign and return the waiver

10  form.  If service is waived, this action will proceed as if Defendants had been served on the date

11  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required

12  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver

13  was sent.  (This allows a longer time to respond than would be required if formal service of

14  summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the

15  waiver form that more completely describes the duties of the parties with regard to waiver of

16  service of the summons.  If service is waived after the date provided in the Notice but before

17  Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date

18  on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is

19  filed, whichever is later.

20  4.   No later than **ninety (90) days** from the date of this order, Defendants shall file a

21  motion for summary judgment or other dispositive motion with respect to the cognizable claims

22  in the second amended complaint.

23  a.   If Defendants elect to file a motion to dismiss on the grounds that Plaintiff

24  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

25  Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315

26  F.3d 1108, 1119-20 (9th Cir. 2003).

27  b.   Any motion for summary judgment shall be supported by adequate factual

28

Order Granting Leave to Filed Amended Complaint; Order of Service; Directing Defendants to File Dispositive
Motion or Notice Regarding Such Motion; Order Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\CR.12\Estrada592srv.wpd          3

documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

     5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

     a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

     b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

8.    All communications by the Plaintiff with the Court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

10.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket numbers 3 and 5.

IT IS SO ORDERED.

DATED:   6/22/12

LUCY H. KOH
United States District Judge