1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  JAIME IGNACIO ESTRADA,                    )    No. C 12-0592 LHK (PR)
                                             )
12          Plaintiff,                       )    ORDER GRANTING IN PART
                                             )    AND DENYING IN PART
13     v.                                    )    DEFENDANTS' MOTION TO
                                             )    DISMISS; ADDRESSING
14  MICHAEL SAYRE and C. MALO-               )    PENDING MOTIONS;
    CLINES,                                  )    FURTHER SCHEDULING
15                                           )
            Defendants.                      )    (Docket Nos. 16, 22, 26, 27, 29)
16                                           )

17          Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights

18  complaint ("AC") pursuant to 42 U.S.C. § 1983.  In his AC, Plaintiff alleges that Defendants

19  were deliberately indifferent to his serious medical needs (Claims 1 and 3), Defendants violated

20  state law by failing to provide necessary medical treatment (Claims 2 and 4), and Defendant

21  Malo-Clines retaliated against Plaintiff for filing a federal civil lawsuit (Claim 5).  Defendants

22  have filed a motion to dismiss and a request for judicial notice.  Plaintiff has filed an opposition

23  to the motion to dismiss, and Defendants have filed a reply.  Plaintiff then filed a motion for

24  leave to supplement his opposition, as well as an addendum to the opposition.  Defendants filed a

25  response to Plaintiff's motion for leave to supplement, and Plaintiff has filed a reply.  Plaintiff

26  then filed a second motion for leave to supplement his opposition.  Defendants have filed an

27  opposition to that second motion.

28
    Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
    Scheduling
    G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1    Plaintiff has also filed a motion to stay the proceedings in order for him to file a second

2  amended complaint to add new defendants, as well as a motion for leave to file a second

3  amended complaint.  Defendants have filed oppositions to both motions.

4    The Court grants Plaintiff's first motion for leave to supplement his opposition (docket

5  nos. 22, 24) and grants Defendants' request for judicial notice (docket no. 17).  For the reasons

6  stated below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss and

7  DENIES Plaintiff's motion to stay the proceedings (docket no. 27), motion for leave to file a

8  second amended complaint (docket no. 29), and second motion for leave to supplemental

9  Plaintiff's opposition to Defendants' motion to dismiss (docket no. 26).

10                                          **BACKGROUND**

11    The following background is based on the allegations in the amended complaint.

12    Defendant Michael Sayre ("Dr. Sayre") is the Chief Medical Officer at Pelican Bay State

13  Prison ("PBSP").  (AC at 2.)  Defendant C. Malo-Clines ("Nurse Malo-Clines") is a nurse

14  practitioner at PBSP.  (*Id.*)

15    In 2006, while Plaintiff was housed at PBSP, he was diagnosed with degenerative disc

16  disease and sciatica in his left leg.  (AC at ¶ 5.)  From 2006 through 2009, Plaintiff reported

17  severe back pain and mobility problems, and complained that Dr. Sayre and his subordinates

18  were interfering with his recommended medical treatments.  (*Id.* at ¶ 7.)  Plaintiff cites instances

19  in December 2009 through September 2010 in which he requested refill prescriptions of his pain

20  medication and did not receive them.  (*Id.* at ¶¶ 9-23.)

21    Plaintiff states that on May 8, 2011, he requested a refill of his pain medication and was

22  told that his prescription had expired.  (*Id.* at ¶ 24.)  From May 13, 2011, through September 15,

23  2011, Plaintiff made 13 complaints regarding not receiving any pain medication.  (*Id.* at ¶ 25.)

24  Plaintiff further states that he believed the lack of pain medication was done purposefully in

25  retaliation for initiating litigation proceedings against Dr. Sayre and Nurse Malo-Clines.  (*Id.*)

26    In the instant matter, Plaintiff alleges that Defendants exhibited deliberate indifference to

27  his serious medical needs, and that Nurse Malo-Clines retaliated against him.  Plaintiff also

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1   claims Defendants violated state law.

2                                   **DISCUSSION**

3   I.        Motion to Dismiss

4         Defendants have filed a motion to dismiss.  Defendants argue that: (1) Plaintiff's

5   deliberate indifference claim and state law claims (Claims 1 and 3) are barred by res judicata; (2)

6   Plaintiff's state law claims (Claims 2 and 4) are barred because Plaintiff failed to comply with

7   the California Tort Claims Act ("CTCA"); and (3) Plaintiff's deliberate indifference claim

8   against Dr. Sayre (a portion of Claim 1) and Plaintiff's retaliation claim (Claim 5) should be

9   dismissed because Plaintiff failed to exhaust those claims.

10         The Court addresses each argument in turn.

11        A.        Res Judicata

12        Defendants argue that because Claims 1-4 were already litigated or should have been

13  litigated in *Estrada v. Malo-Clines*, No. C 10-4832 LHK ("*Estrada I*"), they are barred by res

14  judicata.  Plaintiff responds that, in the instant action, Plaintiff is complaining about Defendants'

15  actions in 2011 and 2012.  Plaintiff asserts that, in contrast, in his previous action, *Estrada I*,

16  Plaintiff was complaining about Nurse Malo-Clines' actions in 2010 and before.  Defendants

17  respond that because judgment was entered in *Estrada I* in August 2012, Plaintiff could have

18  amended his complaint in that suit to include facts from 2011 and 2012, and because he did not,

19  the present claims are barred.

20        Res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised

21  or could have been raised in a prior action.  *Western Radio Servs. Co., Inc. v. Glickman*, 123

22  F.3d 1189, 1192 (9th Cir. 1997) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398

23  (1981)).  The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple

24  lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage

25  reliance on adjudication."  *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590, 594

26  (9th Cir. 1985) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  To determine the preclusive

27  effect of *Estrada I* – a federal lawsuit – the Court must look to federal law.  *See Tahoe-Sierra*

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1   *Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 n.10 (9th Cir. 2003).

2   Under federal law, "[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a

3   final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of*

4   *European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).  Claim preclusion also applies

5   to those claims which could have been litigated as part of the prior cause of action.  *See Clark v.*

6   *Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986).  A plaintiff cannot avoid

7   the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior

8   action, or by pleading a new legal theory.  *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th

9   Cir. 1986).

10          In *Estrada I*, Plaintiff filed a federal civil rights suit against Nurse Malo-Clines, alleging

11   that, throughout 2010, Nurse Malo-Clines was deliberately indifferent to his serious medical

12   needs by: failing to properly treat his back pain, not being qualified to diagnose Plaintiff's

13   condition, and prohibiting Plaintiff from seeing a specialist.  On August 28, 2012, this Court

14   granted summary judgment to Nurse Malo-Clines.  (Req. Jud. Not., Ex. C.)  In the underlying

15   action, Plaintiff claims that Dr. Sayre and Nurse Malo-Clines violated several state laws and

16   were deliberately indifferent to Plaintiff's serious medical needs by failing to properly treat his

17   back pain.

18          Here, Plaintiff does not contest that there was a final judgment on the merits in *Estrada I*,

19   nor that Dr. Sayre is a party in privity with Nurse Malo-Clines, who was a defendant in *Estrada*

20   *I*.  Plaintiff's only contention is that Plaintiff's current claims should not be barred by res

21   judicata because the underlying facts occurred after he filed suit in *Estrada I*, and he could not

22   have brought the current claims in *Estrada I*.  This Court agrees.

23          As the Ninth Circuit has stated, "[i]dentity of claims exists when two suits arise from the

24   same transactional nucleus of facts." *Tahoe-Sierra*, 322 F.3d at 1078 (internal quotation marks

25   omitted).  "Whether two events are part of the same transaction or series depends on whether they

26   are related to the same set of facts and whether they could conveniently be tried together."

27   *International Union of Operating Engineers-Employers Constr. Industry Pension, Welfare &*

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

4

1   *Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (internal quotation marks

2   omitted).  "Newly articulated claims based on the same nucleus of facts may still be subject to a

3   res judicata finding if the claims could have been brought in the earlier action."  *Tahoe-Sierra*,

4   322 F.3d at 1078.

5          The majority rule for claims for damages is that claim preclusion extends to claims in

6   existence at the time of the filing of the original complaint in the first lawsuit and any additional

7   claims actually asserted by supplemental pleading.  *See Hatch v. Boulder Town Council*, 471

8   F.3d 1142, 1149 (10th Cir. 2006) ("[A] claim should not be precluded merely because it is based

9   on facts that arose prior to the entry of judgment in the previous action"); *Rawe v. Liberty Mut.*

10  *Fire Ins. Co.*, 462 F.3d 521, 530 (6th Cir. 2006) (noting that the "majority rule" is "'that an

11  action need include only the portions of a claim due at the time of commencing the action'

12  because 'the opportunity to file a supplemental complaint is not an obligation'") (quoting 18

13  Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §

14  4409 (2d ed. 2002)); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369-70 (2d Cir.

15  1997) ("For the purposes of res judicata, 'the scope of litigation is framed by the complaint at the

16  time it is filed'") (quoting *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 750 F.2d 731, 739 (9th

17  Cir. 1984)); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 915 (7th Cir. 1993) (stating that "plaintiffs

18  need not amend filings to include issues that arise after the original suit is lodged").  Generally, a

19  claim that arose after the filing of a complaint in a prior proceeding will not be barred by claim

20  preclusion based on the prior proceeding.  *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322

21  (1955) (holding that res judicata does not bar litigation of similar claims based on events that

22  occurred subsequent to a prior judgment); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d

23  1201, 1209-11 (D. Nev. 2009) (holding that claim preclusion did not bar similar claims that

24  arose from events that occurred after the plaintiff filed his prior complaint).

25          Here, on January 7, 2011, Plaintiff filed an amended complaint in *Estrada I*.  Any claims

26  concerning Plaintiff's medical care at PBSP that were ripe as of January 7, 2011 could have been

27  alleged in the amended complaint, so Plaintiff is now barred by res judicata from raising any of

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1  those claims in a new suit.  In the instant action, although Plaintiff makes allegations concerning

2  his medical care during the period from 2006 to the present, the Court will not consider events

3  that occurred before January 7, 2011.  In particular, the Court finds that Paragraphs 3 through 23

4  of the statement of facts in Plaintiff's AC were ripe as of January 7, 2011.  Accordingly, to the

5  extent Plaintiff's Claims 1-4 were intended to involve events occurring prior to January 7, 2011,

6  they are DISMISSED with prejudice as barred by res judicata.

7      B.      State law claims

8          Alternatively, Defendants argue that Plaintiff's state law claims (Claims 2 and 4) are

9  barred because Plaintiff did not comply with the CTCA.  Specifically, Defendants assert that

10  Plaintiff did not file a government tort claim with respect to the allegations in Plaintiff's AC.

11  Plaintiff does not address this argument.

12          Pursuant to the CTCA, Cal. Gov't Code §§ 900 *et seq.*, a personal injury claim against a

13  public employee must be filed with the California Victim Compensation and Government Claims

14  Board within six months after the date of the event that gave rise to the claim.  Cal. Gov't Code §

15  911.2(a).  Compliance with the CTCA filing requirement is mandatory; failure to file a claim

16  within the requisite time period is a bar to future tort suits.  *Hernandez v. McClanahan*, 996

17  F.Supp. 975, 977 (N.D. Cal. 1998).

18          Because Plaintiff has not provided any argument or evidence demonstrating that he filed

19  a timely tort claim or sought permission to file a late tort claim, Claims 2 and 4 are DISMISSED

20  with prejudice.

21      C.      Exhaustion

22          Defendants next argue that Plaintiff has failed to exhaust his claim that Dr. Sayre

23  demonstrated deliberate indifference to his medical needs (a portion of Claim 1), and that Nurse

24  Malo-Clines retaliated against Plaintiff because Plaintiff had filed previous lawsuits (Claim 5).

25  Plaintiff responds that he grieved both claims, but because his administrative appeals were either

26  granted in full or partially granted, he believed that he no longer had to continue to appeal to

27  satisfy exhaustion.

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1    The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

2    with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

3    prisoner confined in any jail, prison, or other correctional facility until such administrative

4    remedies as are available are exhausted."  28 U.S.C. § 1997e(a).  Nonexhaustion under

5    § 1997e(a) is an affirmative defense; that is, Defendants have the burden of raising and proving

6    the absence of exhaustion.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a

7    motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the

8    pleadings and decide disputed issues of fact.  *Id.* at 1119-20.  If the Court concludes that the

9    prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without

10   prejudice.  *Id.* at 1120.

11   Failure to exhaust is an affirmative defense under the PLRA.  *Jones v. Bock*, 549 U.S.

12   199, 211 (2007).  Defendants have the burden of raising and proving the absence of exhaustion,

13   and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.

14   *Id.* at 215-17.  As there can be no absence of exhaustion unless some relief remains available, a

15   movant claiming lack of exhaustion must demonstrate that pertinent relief remained available,

16   whether at unexhausted levels or through awaiting the results of the relief already granted as a

17   result of that process.  *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

18   The California Department of Corrections and Rehabilitation ("CDCR") provides its

19   inmates and parolees the right to appeal administratively "any departmental decision, action,

20   condition, or policy which they can demonstrate as having an adverse effect upon their welfare."

21   Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative

22   appeals alleging misconduct by correctional officers.  Cal. Code Regs. tit. 15, § 3084.1(e).  In

23   order to exhaust available administrative remedies within this system, a prisoner must submit his

24   complaint on CDCR Form 602 ("602") and proceed through several levels of appeal:

25   (1) informal level grievance filed directly with any correctional staff member, (2) first formal

26   level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal

27   filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR

28
     Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
     Scheduling
     G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1   director or designee ("Director's level").  Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*,

2   584 F.3d 1262, 1264-65 (9th Cir. 2009).  This satisfies the administrative remedies exhaustion

3   requirement under Section 1997e(a).

4          In the AC, Plaintiff claimed that he exhausted his administrative remedies, and referred to

5   PBSP HC 11016175, PBSP HC 11026132, and PBSP HC 11026333.  (AC at 2.)  Defendants

6   counter that, because Plaintiff did not appeal any of those grievances to the Director's level of

7   review, Plaintiff did not satisfy exhaustion.  The Court reviews each administrative appeal in

8   turn.

9                          1.       PBSP HC 11016175

10          A review of PBSP HC 11016175 shows that Plaintiff complained that he was not

11  receiving his trigger point injections as was recommended by a specialist.  Plaintiff also

12  requested several chronos to accommodate his back pain, and asked that he not be retaliated

13  against for filing the instant grievance.  (Doc. No. 20, Ex. A.)  At the first level of appeal, the

14  reviewer partially granted Plaintiff's request for injections, granted Plaintiff's request to be free

15  from retaliation for filing the grievance, and denied Plaintiff's requests for chronos.  (*Id.*)

16  Plaintiff's claims as stated in PBSP HC 11016175 could not have alerted prison officials to the

17  nature of Plaintiff's underlying federal retaliation claim, which is that Nurse Malo-Clines

18  retaliated against him in her treatment of his back pain because Plaintiff had filed previous

19  federal lawsuits against medical staff.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009)

20  ("a grievance suffices if it alerts the prison to the nature of the wrong for which redress is

21  sought").  Further, PBSP HC 11016175 could not have alerted prison officials to the nature of

22  Plaintiff's underlying deliberate indifference claim that Dr. Sayre interfered with the medical

23  treatment of Plaintiff's back because Plaintiff did not grieve that anyone was interfering with

24  Plaintiff's medical treatment.  *See id.*  Thus, PBSP HC 11016175 could not have exhausted

25  Plaintiff's federal retaliation claim or deliberate indifference claim.  *See id.*; *see, e.g.*, *O'Guinn v.*

26  *Lovelock Correctional Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (concluding that with

27  liberal construction, grievance requesting a lower bunk due to poor balance resulting from a

28
    Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
    Scheduling
    G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1   previous brain injury was not equivalent to, and therefore did not exhaust administrative

2   remedies for, claims of denial of mental health treatment in violation of the ADA and

3   Rehabilitation Act).

4               2.     PBSP HC 11026332

5       Next, a review of PBSP HC 11026332 shows that Plaintiff complained that he had

6   previously complained about medical staff interfering with his medical treatment and pain

7   medication, that the interference was ongoing, and that Plaintiff believed that the interference

8   was in retaliation for pending litigation against medical staff for deliberate indifference to his

9   medical needs.  (Doc. No. 20, Ex. B.)  Plaintiff requested that the retaliation cease, and that his

10  medication be given to him without interference.  (*Id.*)  At the first level of appeal, the reviewer

11  concluded that Plaintiff's issues were:

12          (1) Granted; your health care providers are following policy and procedure
            regarding your medication renewals.  There is no retaliation demonstrated
13          regarding your claim that health care staff are being deliberately indifferent to
            your medical needs.

14
            (2) Partially granted; on October 18, 2011, your medication Salsalate was
15          renewed.  However, you will still have to request a refill or renewal of your
            medication prior to running out for your medication to be continued without
16          interference.

17  (*Id.*)

18      "An inmate has no obligation to appeal from a grant of relief, or a partial grant that

19  satisfies him, in order to exhaust his administrative remedies."  *Harvey v. Jordan*, 605 F.3d 681,

20  685 (9th Cir. 2010).  In *Harvey*, the prisoner filed a grievance, requesting a timely hearing on his

21  disciplinary charge, and he received a decision granting him relief.  *See id.* at 684-85.  Five

22  months later, having still received no hearing, the prisoner filed an appeal at the second level of

23  review, which was rejected as untimely.  *See id.* at 685.  The Ninth Circuit concluded that the

24  prisoner had indeed exhausted his claim, reasoning, "Once the prison officials purported to grant

25  relief with which he was satisfied, his exhaustion obligation ended.  His complaint had been

26  resolved, or so he was led to believe, and he was not required to appeal the favorable decision."

27  *Id.*  The Court also explained, "Nor is it the prisoner's responsibility to ensure that prison

28
    Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
    Scheduling
    G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

                                        9

1    officials actually provide the relief that they have promised. *See Abney v. McGinnis*, 380 F.3d

2    663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file

3    a new grievance where doing so may result in a never-ending cycle of exhaustion.")." *Id.*

4            Here, with regard to Plaintiff's retaliation claim, Plaintiff was granted relief at the first

5    level of review. Plaintiff requested that the medical staff stop retaliating against him for filing a

6    previous lawsuit, and the first level reviewer granted Plaintiff's request. The reviewer

7    responded, "your health care providers are following policy and procedure regarding your

8    medication renewals. There is no retaliation demonstrated regarding your claim that health care

9    staff are being deliberately indifferent to your medical needs." Plaintiff was satisfied with that

10   response, and thus, was not required to seek further administrative relief on this claim. *See, e.g.*,

11   *Coats v. Fox*, No. 11-18085, 2012 WL 4357872 (9th Cir. Sept. 25, 2012) (unpublished

12   memorandum disposition) (reversing dismissal for failure to exhaust because inmate was

13   satisfied with the result when the inmate requested "immediate treatment" and the administrative

14   appeal response granted relief stating that inmate would receive treatment "as soon as possible"

15   after he was transferred). Accordingly, the Court concludes that Plaintiff's retaliation claim is

16   exhausted.

17           With regard to Plaintiff's deliberate indifference claim, Plaintiff was partially granted

18   relief at the first level of review. Plaintiff requested that the "constant" interference with the

19   dispensation of his pain medication be stopped. He was partially granted relief in that his

20   medication was renewed, but he still needed to fill out renewal requests in a timely manner.

21   Plaintiff was satisfied with this partial grant of relief, and thus, was not required to seek further

22   administrative relief on this claim. Although Plaintiff did not specifically name Dr. Sayre as

23   interfering with his pain medication, the United States Supreme Court has stated that the level of

24   detail necessary in a grievance to comply with the grievance procedures will vary from system to

25   system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the

26   boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). In California, the

27   regulation requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1  describe the problem and action requested.'" Because Plaintiff's grievance alerted the prison to

2  a problem and included sufficient information for the prison to facilitate its resolution, the fact

3  that he did not specifically name Dr. Sayre is immaterial. *See Griffin*, 557 F.3d at 1120.

4                 3.     PBSP HC 11026333

5         Finally, a review of PBSP HC 11026333 demonstrates that Plaintiff specifically

6  complained that even after complaining that medical staff was interfering with the dispensation

7  of Plaintiff's pain medication, it continued to happen. (Doc. No. 20, Ex. C.) Plaintiff requested

8  that Dr. Sayre inform his medical staff to cease interfering with Plaintiff's pain medication. (*Id.*)

9  The response at the first level of review partially granted this claim, stating:

10          [T]here is no evidence of your claim of medical staff violating your rights or
        interfering with your recommended treatment. However, supervisory staff

11          holds staff accountable to follow California Code of Regulations. Title 15
        guidelines and California Prison Health Care Services policy and procedures

12          regarding inmate/patient rights and treatment policy and procedures.

13  (*Id.*) Plaintiff was satisfied with this partial grant of relief, and thus, was not required to seek

14  further administrative relief on this claim to satisfy exhaustion.

15         Accordingly, Defendants' motion to dismiss Plaintiff's claims that Dr. Sayre was

16  deliberately indifferent to Plaintiff's medical needs (a portion of Claim 1) and that Nurse Malo-

17  Clines retaliated against him (Claim 5) are DENIED.

18  II.     Remaining Motions

19         Plaintiff filed a motion to stay the proceedings so that he may file a motion for leave to

20  amend his complaint for a second time. (Docket No. 27.) Thereafter, Plaintiff filed a motion for

21  leave to file a second amended complaint. (Docket No. 29.) In light of Plaintiff's motion for

22  leave to file a second amended complaint, Plaintiff's motion to stay is DENIED as moot.

23         Plaintiff's motion for leave to file a second amended complaint is also DENIED. In his

24  motion, Plaintiff states that he wishes to add Defendants' attorney and two John Does to the

25  lawsuit. Specifically, Plaintiff asserts that counsel for Defendants conspired with prison officials

26  to retaliate against Plaintiff for the purpose of intimidating Plaintiff to agree to stay discovery in

27  *Estrada I*. "Within the prison context, a viable claim of First Amendment retaliation entails five

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1   basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2)

2   because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

3   exercise of his First Amendment rights, and (5) the action did not reasonably advance a

4   legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)

5   (footnote omitted).  Even assuming that Plaintiff has asserted an "adverse action," Plaintiff has

6   not demonstrated that the decision to stay discovery was "protected conduct" sufficient to

7   support a retaliation claim.  Moreover, even if the Court accepted Plaintiff's second amended

8   complaint, it would have to dismiss John Doe #1 and John Doe #2 because the use of "John

9   Doe" to identify a defendant is not favored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629

10  F.2d 637, 642 (9th Cir.1980).  Further, to prove a civil conspiracy, the plaintiff must show that

11  the conspiring parties reached a unity of purpose or common design and understanding, or a

12  meeting of the minds in an unlawful agreement.  *Gilbrook v. City of Westminster*, 177 F.3d 839,

13  856 (9th Cir. 1999).  Here, Plaintiff merely makes conclusory statements and assumptions that

14  counsel for Defendants conspired with John Does to retaliate against Plaintiff.  *See Kennedy v. H

15  & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976) (recognizing that a pleading will not be

16  sufficient to state a claim under § 1983 if the allegations are mere conclusions).  Accordingly,

17  Plaintiff's motion for leave to file a second amended complaint is DENIED.  (Docket No. 29.)

18      Plaintiff has also filed a second motion for leave to file a supplement to Plaintiff's

19  opposition to Defendants' motion to dismiss.  In this motion, Plaintiff attempts to demonstrate

20  that he exhausted the potential new claim against new Defendants raised in Plaintiff's proposed

21  second amended complaint.  Because the Court denies Plaintiff leave to file the second amended

22  complaint, Plaintiff's requested supplement to his opposition is unnecessary.  Plaintiff's second

23  motion for leave to file a supplement to Plaintiff's opposition is DENIED.  (Docket No. 26.)

**CONCLUSION**

25      Defendant's motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's

26  deliberate indifference claim and state law claims arising from events prior to January 7, 2011,

27  are DISMISSED.  Plaintiff's state law claims are DISMISSED.  Defendants' motion to dismiss

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1   for failure to exhaust is DENIED.

2       Plaintiff's motion to stay the proceedings is DENIED as moot.  Plaintiff's motion for

3   leave to file a second amended complaint is DENIED.  Plaintiff's second motion to supplement

4   his opposition to Defendants' motion to dismiss is DENIED.

5       No later than **sixty (60) days** from the date of this order, Defendants shall file a motion

6   for summary judgment or other dispositive motion with respect to the cognizable claim in the

7   complaint.  Any motion for summary judgment shall be supported by adequate factual

8   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

9   Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified

10  immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case

11  cannot be resolved by summary judgment, they shall so inform the Court prior to the date the

12  summary judgment motion is due.  Plaintiff's opposition to any motion for summary judgment

13  shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from

14  the date Defendants' motion is filed.  Defendants <u>shall</u> file a reply brief no later than **fourteen**

15  **(14) days** after Plaintiff's opposition is filed.

16      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing

17  will be held on the motion unless the Court so orders at a later date.  It is Plaintiff's

18  responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of

19  any change of address and must comply with the Court's orders in a timely fashion.  Failure to

20  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

21  of Civil Procedure 41(b).

22      IT IS SO ORDERED.

23  DATED:  7/29/13

LUCY H. KOH
United States District Judge

24

25

26

27

28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd          13