IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNACIO ESTRADA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL SAYRE and C. MALO-CLINES,<br><br>　　　　Defendants. | No. C 12-0592 LHK (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; ADDRESSING PENDING MOTIONS; FURTHER SCHEDULING<br><br>(Docket Nos. 16, 22, 26, 27, 29) |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint ("AC") pursuant to 42 U.S.C. § 1983. In his AC, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs (Claims 1 and 3), Defendants violated state law by failing to provide necessary medical treatment (Claims 2 and 4), and Defendant Malo-Clines retaliated against Plaintiff for filing a federal civil lawsuit (Claim 5). Defendants have filed a motion to dismiss and a request for judicial notice. Plaintiff has filed an opposition to the motion to dismiss, and Defendants have filed a reply. Plaintiff then filed a motion for leave to supplement his opposition, as well as an addendum to the opposition. Defendants filed a response to Plaintiff's motion for leave to supplement, and Plaintiff has filed a reply. Plaintiff then filed a second motion for leave to supplement his opposition. Defendants have filed an opposition to that second motion.

Plaintiff has also filed a motion to stay the proceedings in order for him to file a second amended complaint to add new defendants, as well as a motion for leave to file a second amended complaint. Defendants have filed oppositions to both motions.

The Court grants Plaintiff's first motion for leave to supplement his opposition (docket nos. 22, 24) and grants Defendants' request for judicial notice (docket no. 17). For the reasons stated below, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss and DENIES Plaintiff's motion to stay the proceedings (docket no. 27), motion for leave to file a second amended complaint (docket no. 29), and second motion for leave to supplemental Plaintiff's opposition to Defendants' motion to dismiss (docket no. 26).

## BACKGROUND

The following background is based on the allegations in the amended complaint.

Defendant Michael Sayre ("Dr. Sayre") is the Chief Medical Officer at Pelican Bay State Prison ("PBSP"). (AC at 2.) Defendant C. Malo-Clines ("Nurse Malo-Clines") is a nurse practitioner at PBSP. (*Id.*)

In 2006, while Plaintiff was housed at PBSP, he was diagnosed with degenerative disc disease and sciatica in his left leg. (AC at ¶ 5.) From 2006 through 2009, Plaintiff reported severe back pain and mobility problems, and complained that Dr. Sayre and his subordinates were interfering with his recommended medical treatments. (*Id.* at ¶ 7.) Plaintiff cites instances in December 2009 through September 2010 in which he requested refill prescriptions of his pain medication and did not receive them. (*Id.* at ¶¶ 9-23.)

Plaintiff states that on May 8, 2011, he requested a refill of his pain medication and was told that his prescription had expired. (*Id.* at ¶ 24.) From May 13, 2011, through September 15, 2011, Plaintiff made 13 complaints regarding not receiving any pain medication. (*Id.* at ¶ 25.) Plaintiff further states that he believed the lack of pain medication was done purposefully in retaliation for initiating litigation proceedings against Dr. Sayre and Nurse Malo-Clines. (*Id.*)

In the instant matter, Plaintiff alleges that Defendants exhibited deliberate indifference to his serious medical needs, and that Nurse Malo-Clines retaliated against him. Plaintiff also

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

2

claims Defendants violated state law.

## DISCUSSION

I.   Motion to Dismiss

Defendants have filed a motion to dismiss. Defendants argue that: (1) Plaintiff's deliberate indifference claim and state law claims (Claims 1 and 3) are barred by res judicata; (2) Plaintiff's state law claims (Claims 2 and 4) are barred because Plaintiff failed to comply with the California Tort Claims Act ("CTCA"); and (3) Plaintiff's deliberate indifference claim against Dr. Sayre (a portion of Claim 1) and Plaintiff's retaliation claim (Claim 5) should be dismissed because Plaintiff failed to exhaust those claims.

The Court addresses each argument in turn.

A.   Res Judicata

Defendants argue that because Claims 1-4 were already litigated or should have been litigated in *Estrada v. Malo-Clines*, No. C 10-4832 LHK ("*Estrada I*"), they are barred by res judicata. Plaintiff responds that, in the instant action, Plaintiff is complaining about Defendants' actions in 2011 and 2012. Plaintiff asserts that, in contrast, in his previous action, *Estrada I*, Plaintiff was complaining about Nurse Malo-Clines' actions in 2010 and before. Defendants respond that because judgment was entered in *Estrada I* in August 2012, Plaintiff could have amended his complaint in that suit to include facts from 2011 and 2012, and because he did not, the present claims are barred.

Res judicata, or claim preclusion, prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. *Western Radio Servs. Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590, 594 (9th Cir. 1985) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). To determine the preclusive effect of *Estrada I* – a federal lawsuit – the Court must look to federal law. *See Tahoe-Sierra*

*Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 n.10 (9th Cir. 2003). Under federal law, "[r]es judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011). Claim preclusion also applies to those claims which could have been litigated as part of the prior cause of action. *See Clark v. Yosemite Community College Dist.*, 785 F.2d 781, 786 (9th Cir. 1986). A plaintiff cannot avoid the bar of claim preclusion merely by alleging conduct by the defendant not alleged in the prior action, or by pleading a new legal theory. *See McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986).

In *Estrada I*, Plaintiff filed a federal civil rights suit against Nurse Malo-Clines, alleging that, throughout 2010, Nurse Malo-Clines was deliberately indifferent to his serious medical needs by: failing to properly treat his back pain, not being qualified to diagnose Plaintiff's condition, and prohibiting Plaintiff from seeing a specialist. On August 28, 2012, this Court granted summary judgment to Nurse Malo-Clines. (Req. Jud. Not., Ex. C.) In the underlying action, Plaintiff claims that Dr. Sayre and Nurse Malo-Clines violated several state laws and were deliberately indifferent to Plaintiff's serious medical needs by failing to properly treat his back pain.

Here, Plaintiff does not contest that there was a final judgment on the merits in *Estrada I*, nor that Dr. Sayre is a party in privity with Nurse Malo-Clines, who was a defendant in *Estrada I*. Plaintiff's only contention is that Plaintiff's current claims should not be barred by res judicata because the underlying facts occurred after he filed suit in *Estrada I*, and he could not have brought the current claims in *Estrada I*. This Court agrees.

As the Ninth Circuit has stated, "[i]dentity of claims exists when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra*, 322 F.3d at 1078 (internal quotation marks omitted). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *International Union of Operating Engineers-Employers Constr. Industry Pension, Welfare &*

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

4

1 *Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (internal quotation marks
2 omitted).  "Newly articulated claims based on the same nucleus of facts may still be subject to a
3 res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra*,
4 322 F.3d at 1078.

5       The majority rule for claims for damages is that claim preclusion extends to claims in
6 existence at the time of the filing of the original complaint in the first lawsuit and any additional
7 claims actually asserted by supplemental pleading. *See Hatch v. Boulder Town Council*, 471
8 F.3d 1142, 1149 (10th Cir. 2006) ("[A] claim should not be precluded merely because it is based
9 on facts that arose prior to the entry of judgment in the previous action"); *Rawe v. Liberty Mut.*
10 *Fire Ins. Co.*, 462 F.3d 521, 530 (6th Cir. 2006) (noting that the "majority rule" is "'that an
11 action need include only the portions of a claim due at the time of commencing the action'
12 because 'the opportunity to file a supplemental complaint is not an obligation'") (quoting 18
13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure §
14 4409 (2d ed. 2002)); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 369-70 (2d Cir.
15 1997) ("For the purposes of res judicata, 'the scope of litigation is framed by the complaint at the
16 time it is filed'") (quoting *L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 750 F.2d 731, 739 (9th
17 Cir. 1984)); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 915 (7th Cir. 1993) (stating that "plaintiffs
18 need not amend filings to include issues that arise after the original suit is lodged").  Generally, a
19 claim that arose after the filing of a complaint in a prior proceeding will not be barred by claim
20 preclusion based on the prior proceeding. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322
21 (1955) (holding that res judicata does not bar litigation of similar claims based on events that
22 occurred subsequent to a prior judgment); *see also Carstarphen v. Milsner*, 594 F. Supp. 2d
23 1201, 1209-11 (D. Nev. 2009) (holding that claim preclusion did not bar similar claims that
24 arose from events that occurred after the plaintiff filed his prior complaint).

25       Here, on January 7, 2011, Plaintiff filed an amended complaint in *Estrada I*.  Any claims
26 concerning Plaintiff's medical care at PBSP that were ripe as of January 7, 2011 could have been
27 alleged in the amended complaint, so Plaintiff is now barred by res judicata from raising any of
28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

those claims in a new suit. In the instant action, although Plaintiff makes allegations concerning his medical care during the period from 2006 to the present, the Court will not consider events that occurred before January 7, 2011. In particular, the Court finds that Paragraphs 3 through 23 of the statement of facts in Plaintiff's AC were ripe as of January 7, 2011. Accordingly, to the extent Plaintiff's Claims 1-4 were intended to involve events occurring prior to January 7, 2011, they are DISMISSED with prejudice as barred by res judicata.

B.  State law claims

Alternatively, Defendants argue that Plaintiff's state law claims (Claims 2 and 4) are barred because Plaintiff did not comply with the CTCA. Specifically, Defendants assert that Plaintiff did not file a government tort claim with respect to the allegations in Plaintiff's AC. Plaintiff does not address this argument.

Pursuant to the CTCA, Cal. Gov't Code §§ 900 *et seq.*, a personal injury claim against a public employee must be filed with the California Victim Compensation and Government Claims Board within six months after the date of the event that gave rise to the claim. Cal. Gov't Code § 911.2(a). Compliance with the CTCA filing requirement is mandatory; failure to file a claim within the requisite time period is a bar to future tort suits. *Hernandez v. McClanahan*, 996 F.Supp. 975, 977 (N.D. Cal. 1998).

Because Plaintiff has not provided any argument or evidence demonstrating that he filed a timely tort claim or sought permission to file a late tort claim, Claims 2 and 4 are DISMISSED with prejudice.

C.  Exhaustion

Defendants next argue that Plaintiff has failed to exhaust his claim that Dr. Sayre demonstrated deliberate indifference to his medical needs (a portion of Claim 1), and that Nurse Malo-Clines retaliated against Plaintiff because Plaintiff had filed previous lawsuits (Claim 5). Plaintiff responds that he grieved both claims, but because his administrative appeals were either granted in full or partially granted, he believed that he no longer had to continue to appeal to satisfy exhaustion.

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

6

1    The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought
2 with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a
3 prisoner confined in any jail, prison, or other correctional facility until such administrative
4 remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under
5 § 1997e(a) is an affirmative defense; that is, Defendants have the burden of raising and proving
6 the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a
7 motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the
8 pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the Court concludes that the
9 prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without
10 prejudice. *Id.* at 1120.

11   Failure to exhaust is an affirmative defense under the PLRA. *Jones v. Bock*, 549 U.S.
12 199, 211 (2007). Defendants have the burden of raising and proving the absence of exhaustion,
13 and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.
14 *Id.* at 215-17. As there can be no absence of exhaustion unless some relief remains available, a
15 movant claiming lack of exhaustion must demonstrate that pertinent relief remained available,
16 whether at unexhausted levels or through awaiting the results of the relief already granted as a
17 result of that process. *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

18   The California Department of Corrections and Rehabilitation ("CDCR") provides its
19 inmates and parolees the right to appeal administratively "any departmental decision, action,
20 condition, or policy which they can demonstrate as having an adverse effect upon their welfare."
21 Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative
22 appeals alleging misconduct by correctional officers. Cal. Code Regs. tit. 15, § 3084.1(e). In
23 order to exhaust available administrative remedies within this system, a prisoner must submit his
24 complaint on CDCR Form 602 ("602") and proceed through several levels of appeal:
25 (1) informal level grievance filed directly with any correctional staff member, (2) first formal
26 level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal
27 filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR
28

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

7

director or designee ("Director's level").  Cal. Code Regs. tit. 15, § 3084.5; *Brodheim v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009).  This satisfies the administrative remedies exhaustion requirement under Section 1997e(a).

In the AC, Plaintiff claimed that he exhausted his administrative remedies, and referred to PBSP HC 11016175, PBSP HC 11026132, and PBSP HC 11026333.  (AC at 2.)  Defendants counter that, because Plaintiff did not appeal any of those grievances to the Director's level of review, Plaintiff did not satisfy exhaustion.  The Court reviews each administrative appeal in turn.

### 1. PBSP HC 11016175

A review of PBSP HC 11016175 shows that Plaintiff complained that he was not receiving his trigger point injections as was recommended by a specialist.  Plaintiff also requested several chronos to accommodate his back pain, and asked that he not be retaliated against for filing the instant grievance.  (Doc. No. 20, Ex. A.)  At the first level of appeal, the reviewer partially granted Plaintiff's request for injections, granted Plaintiff's request to be free from retaliation for filing the grievance, and denied Plaintiff's requests for chronos.  (*Id.*)  Plaintiff's claims as stated in PBSP HC 11016175 could not have alerted prison officials to the nature of Plaintiff's underlying federal retaliation claim, which is that Nurse Malo-Clines retaliated against him in her treatment of his back pain because Plaintiff had filed previous federal lawsuits against medical staff.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) ("a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought").  Further, PBSP HC 11016175 could not have alerted prison officials to the nature of Plaintiff's underlying deliberate indifference claim that Dr. Sayre interfered with the medical treatment of Plaintiff's back because Plaintiff did not grieve that anyone was interfering with Plaintiff's medical treatment.  *See id.*  Thus, PBSP HC 11016175 could not have exhausted Plaintiff's federal retaliation claim or deliberate indifference claim.  *See id.*; *see, e.g.*, *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (concluding that with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a

previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

2.      PBSP HC 11026332

Next, a review of PBSP HC 11026332 shows that Plaintiff complained that he had previously complained about medical staff interfering with his medical treatment and pain medication, that the interference was ongoing, and that Plaintiff believed that the interference was in retaliation for pending litigation against medical staff for deliberate indifference to his medical needs. (Doc. No. 20, Ex. B.) Plaintiff requested that the retaliation cease, and that his medication be given to him without interference. (*Id.*) At the first level of appeal, the reviewer concluded that Plaintiff's issues were:

> (1) Granted; your health care providers are following policy and procedure regarding your medication renewals. There is no retaliation demonstrated regarding your claim that health care staff are being deliberately indifferent to your medical needs.
>
> (2) Partially granted; on October 18, 2011, your medication Salsalate was renewed. However, you will still have to request a refill or renewal of your medication prior to running out for your medication to be continued without interference.

(*Id.*)

"An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010). In *Harvey*, the prisoner filed a grievance, requesting a timely hearing on his disciplinary charge, and he received a decision granting him relief. *See id.* at 684-85. Five months later, having still received no hearing, the prisoner filed an appeal at the second level of review, which was rejected as untimely. *See id.* at 685. The Ninth Circuit concluded that the prisoner had indeed exhausted his claim, reasoning, "Once the prison officials purported to grant relief with which he was satisfied, his exhaustion obligation ended. His complaint had been resolved, or so he was led to believe, and he was not required to appeal the favorable decision." *Id.* The Court also explained, "Nor is it the prisoner's responsibility to ensure that prison

1  officials actually provide the relief that they have promised. *See Abney v. McGinnis*, 380 F.3d
2  663, 669 (2d Cir. 2004) ("A prisoner who has not received promised relief is not required to file
3  a new grievance where doing so may result in a never-ending cycle of exhaustion.")." *Id.*

4  Here, with regard to Plaintiff's retaliation claim, Plaintiff was granted relief at the first
5  level of review. Plaintiff requested that the medical staff stop retaliating against him for filing a
6  previous lawsuit, and the first level reviewer granted Plaintiff's request. The reviewer
7  responded, "your health care providers are following policy and procedure regarding your
8  medication renewals. There is no retaliation demonstrated regarding your claim that health care
9  staff are being deliberately indifferent to your medical needs." Plaintiff was satisfied with that
10 response, and thus, was not required to seek further administrative relief on this claim. *See, e.g.*,
11 *Coats v. Fox*, No. 11-18085, 2012 WL 4357872 (9th Cir. Sept. 25, 2012) (unpublished
12 memorandum disposition) (reversing dismissal for failure to exhaust because inmate was
13 satisfied with the result when the inmate requested "immediate treatment" and the administrative
14 appeal response granted relief stating that inmate would receive treatment "as soon as possible"
15 after he was transferred). Accordingly, the Court concludes that Plaintiff's retaliation claim is
16 exhausted.

17 With regard to Plaintiff's deliberate indifference claim, Plaintiff was partially granted
18 relief at the first level of review. Plaintiff requested that the "constant" interference with the
19 dispensation of his pain medication be stopped. He was partially granted relief in that his
20 medication was renewed, but he still needed to fill out renewal requests in a timely manner.
21 Plaintiff was satisfied with this partial grant of relief, and thus, was not required to seek further
22 administrative relief on this claim. Although Plaintiff did not specifically name Dr. Sayre as
23 interfering with his pain medication, the United States Supreme Court has stated that the level of
24 detail necessary in a grievance to comply with the grievance procedures will vary from system to
25 system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the
26 boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007). In California, the
27 regulation requires the prisoner "to lodge his administrative complaint on CDC form 602 and 'to

28 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further
Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

1 describe the problem and action requested.'" Because Plaintiff's grievance alerted the prison to
2 a problem and included sufficient information for the prison to facilitate its resolution, the fact
3 that he did not specifically name Dr. Sayre is immaterial. *See Griffin*, 557 F.3d at 1120.

### 3. PBSP HC 11026333

Finally, a review of PBSP HC 11026333 demonstrates that Plaintiff specifically complained that even after complaining that medical staff was interfering with the dispensation of Plaintiff's pain medication, it continued to happen. (Doc. No. 20, Ex. C.) Plaintiff requested that Dr. Sayre inform his medical staff to cease interfering with Plaintiff's pain medication. (*Id.*) The response at the first level of review partially granted this claim, stating:

> [T]here is no evidence of your claim of medical staff violating your rights or interfering with your recommended treatment. However, supervisory staff holds staff accountable to follow California Code of Regulations. Title 15 guidelines and California Prison Health Care Services policy and procedures regarding inmate/patient rights and treatment policy and procedures.

(*Id.*) Plaintiff was satisfied with this partial grant of relief, and thus, was not required to seek further administrative relief on this claim to satisfy exhaustion.

Accordingly, Defendants' motion to dismiss Plaintiff's claims that Dr. Sayre was deliberately indifferent to Plaintiff's medical needs (a portion of Claim 1) and that Nurse Malo-Clines retaliated against him (Claim 5) are DENIED.

## II. Remaining Motions

Plaintiff filed a motion to stay the proceedings so that he may file a motion for leave to amend his complaint for a second time. (Docket No. 27.) Thereafter, Plaintiff filed a motion for leave to file a second amended complaint. (Docket No. 29.) In light of Plaintiff's motion for leave to file a second amended complaint, Plaintiff's motion to stay is DENIED as moot.

Plaintiff's motion for leave to file a second amended complaint is also DENIED. In his motion, Plaintiff states that he wishes to add Defendants' attorney and two John Does to the lawsuit. Specifically, Plaintiff asserts that counsel for Defendants conspired with prison officials to retaliate against Plaintiff for the purpose of intimidating Plaintiff to agree to stay discovery in *Estrada I*. "Within the prison context, a viable claim of First Amendment retaliation entails five

Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; Addressing Pending Motions; Further Scheduling
G:\PRO-SE\LHK\CR.12\Estrada592mtd.wpd

basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Even assuming that Plaintiff has asserted an "adverse action," Plaintiff has not demonstrated that the decision to stay discovery was "protected conduct" sufficient to support a retaliation claim. Moreover, even if the Court accepted Plaintiff's second amended complaint, it would have to dismiss John Doe #1 and John Doe #2 because the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980). Further, to prove a civil conspiracy, the plaintiff must show that the conspiring parties reached a unity of purpose or common design and understanding, or a meeting of the minds in an unlawful agreement. *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999). Here, Plaintiff merely makes conclusory statements and assumptions that counsel for Defendants conspired with John Does to retaliate against Plaintiff. *See Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976) (recognizing that a pleading will not be sufficient to state a claim under § 1983 if the allegations are mere conclusions). Accordingly, Plaintiff's motion for leave to file a second amended complaint is DENIED. (Docket No. 29.)

Plaintiff has also filed a second motion for leave to file a supplement to Plaintiff's opposition to Defendants' motion to dismiss. In this motion, Plaintiff attempts to demonstrate that he exhausted the potential new claim against new Defendants raised in Plaintiff's proposed second amended complaint. Because the Court denies Plaintiff leave to file the second amended complaint, Plaintiff's requested supplement to his opposition is unnecessary. Plaintiff's second motion for leave to file a supplement to Plaintiff's opposition is DENIED. (Docket No. 26.)

## CONCLUSION

Defendant's motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's deliberate indifference claim and state law claims arising from events prior to January 7, 2011, are DISMISSED. Plaintiff's state law claims are DISMISSED. Defendants' motion to dismiss

for failure to exhaust is DENIED.

Plaintiff's motion to stay the proceedings is DENIED as moot. Plaintiff's motion for leave to file a second amended complaint is DENIED. Plaintiff's second motion to supplement his opposition to Defendants' motion to dismiss is DENIED.

No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. Plaintiff's opposition to any motion for summary judgment shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 7/29/13

_Lucy H. Koh_
LUCY H. KOH
United States District Judge