UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME IGNACIO ESTRADA,<br><br>              Plaintiff,<br>       v.<br><br>MICHAEL SAYRE, *et al.*,<br><br>              Defendants. | Case No.: 12-CV-00592-LHK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff Jaime Ignacio Estrada has filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants Michael Sayre ("Sayre") and C. Malo-Clines ("Malo-Clines") exhibited deliberate indifference to his serious medical needs, and that Nurse Malo-Clines retaliated against him in connection with his medical treatment for degenerative disc disease and sciatica while he was housed at Pelican Bay State Prison ("PBSP").

Before the Court is Estrada's Motion to Appoint Counsel. ECF No. 40. Having considered Estrada's submission and the relevant law, the Court hereby DENIES Estrada's Motion to Appoint Counsel.

**I.   BACKGROUND**

Estrada filed his complaint against Sayre on February 6, 2012. ECF No. 1. He filed an amended complaint adding Malo-Clines as a defendant on June 25, 2012. ECF No. 9. Defendants filed a motion to dismiss the amended complaint on December 6, 2012, ECF No. 16, which the

1

Case No.: 12-CV-00592-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Court granted in part and denied in part on July 30, 2013, ECF No. 34. Defendants are now prepared to depose Estrada, and Estrada requests that the Court appoint him counsel for purposes of attending Defendants' deposition of Estrada and for conducting Estrada's own depositions of Defendants. ("Mot.") ECF No. 40, at 3. Defendants oppose the request, ("Opp'n") ECF No. 42, and Estrada has replied, ("Reply") ECF No. 44.

## II.     ANALYSIS

### A.     Motion for Appointment of Counsel

Estrada requests counsel, because he believes that he needs the expertise of a lawyer in order to more effectively respond to questions at his own deposition and to adequately conduct depositions of Defendants. *See* Mot. at 1-3. Estrada does not provide any additional justifications for the appointment of counsel. *Id.*

It is well established that "there is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus, federal courts do not have the authority to "require an unwilling attorney to represent an indigent litigant in a civil case." *Mallard v. United States District Court*, 490 U.S. 296, 298 (1989). However, district courts do have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See* 15 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) ("The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in exceptional circumstances.") (internal quotation marks and citation omitted); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under [Section 1915(e)(1)] is discretionary, not mandatory.").

"A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

2

Case No.: 12-CV-00592-LHK
ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

At this time, the Court does not find that exceptional circumstances exist so as to justify an appointment of counsel. Although the Court cannot easily evaluate the strength of Estrada's claims—as yet, there has been no litigation over the merits of Estrada's claims, as Defendants' motion to dismiss was premised on res judicata and failure to exhaust, ECF No. 34 at 3—the Court finds that Estrada has thus far demonstrated that he is capable of proceeding with his claims pro se. Estrada succeeded at partially defeating a motion to dismiss, and the Court notes that his submissions to the Court have been coherent and competently argued. In addition, the Court believes that, should this case proceed to trial, the issues will be relatively straightforward. Estrada's deliberate indifference claim turns largely on Defendants' subjective state of mind (and thus on Defendants' credibility) and not on technical medical questions. *See See Farmer v. Brennan*, 511 U.S. 825, 837, 847 (1994) (Eighth Amendment deliberate indifference claim requires that a defendant be subjectively aware "that a substantial risk of serious harm exists" and that he "disregard[] that risk by failing to take reasonable measures to abate it"). Similarly, Estrada's retaliation claim will turn in large part on Melo-Clines's motivation for denying Estrada the narcotics he claims he required. Opp'n at 4.

Thus, the Court finds that Estrada has not provided a showing of "exceptional circumstances," and appointment of counsel would not be an appropriate use of scarce judicial resources at this stage of the proceedings. Accordingly, the Court DENIES Estrada's Motion to Appoint Counsel. This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**IT IS SO ORDERED.**

Dated: September 13, 2013

_____
LUCY H. KOH
United States District Judge