IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNACIO ESTRADA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL SAYRE and C. MALO-CLINES,<br><br>    Defendants. | No. C 12-0592 LHK (PR)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION; DIRECTING DEFENDANTS TO RESPOND; GRANTING MOTION FOR EXTENSION OF TIME<br><br>(Docket Nos. 41, 61) |

Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint ("AC") pursuant to 42 U.S.C. § 1983. After granting in part and denying in part defendants' motion to dismiss, plaintiff's remaining claims are that defendants were deliberately indifferent to his serious medical needs (Claims 1 and 3), and defendant Malo-Clines retaliated against plaintiff for filing a federal civil lawsuit (Claim 5). Defendants have filed a motion for summary judgment. Plaintiff has filed a motion for reconsideration after the court denied plaintiff's motion to file a second amended complaint. Defendants have filed an opposition. Plaintiff has also filed a motion to compel; a motion to stay proceedings and an order allowing plaintiff to possess a copy of his deposition transcript; and a motion for an extension of time to file an opposition to defendants' motion for summary judgment. For the reasons stated below, plaintiff's motion for reconsideration is DENIED, defendants are directed to file a response to

Order Denying Motion for Reconsideration; Directing Defendants to Respond; Granting Motion for Extension of Time
G:\PRO-SE\LHK\CR.12\Estrada592misc.wpd

1 plaintiff's motion to compel and request for a copy of his deposition transcript, and plaintiff's
2 motion for an extension of time to file an opposition to defendants' motion for summary
3 judgment is GRANTED.

4 I.   Motion for Reconsideration

5       On June 17, 2013, plaintiff filed a motion for leave to file a second amended complaint to
6 add new defendants.  Plaintiff stated that he wished to add defense counsel and two John Does to
7 the lawsuit.  Specifically, plaintiff asserted that defense counsel conspired with prison officials to
8 retaliate against plaintiff for the purpose of intimidating plaintiff to agree to stay discovery in a
9 previous lawsuit that plaintiff had filed.  The court denied plaintiff's motion, reasoning that: (1)
10 plaintiff had not demonstrated that the decision to stay discovery was "protected conduct"
11 sufficient to support a retaliation claim; (2) it would have to dismiss John Doe #1 and John Doe
12 #2 because the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit; and
13 (3) plaintiff made conclusory statements and assumptions that defense counsel conspired with
14 John Does to retaliate against plaintiff, which was insufficient to state a cognizable claim for
15 relief.

16       On August 23, 2013, plaintiff filed a motion for reconsideration.  Rule 60(b) provides a
17 mechanism for parties to seek relief from a judgment when "it is no longer equitable that the
18 judgment should have prospective application," or when there is any other reason justifying
19 relief from judgment.  *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed.
20 R. Civ. P. 60(b)).  Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake,
21 inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due
22 diligence could not have been discovered before the court's decision; (3) fraud by the adverse
23 party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason
24 justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th
25 Cir. 1993).

26       Plaintiff argues that he has sufficiently asserted a "protected conduct," and that the court
27 should liberally construe his claim that defense counsel conspired with John Does to retaliate

28
Order Denying Motion for Reconsideration; Directing Defendants to Respond; Granting Motion for Extension of Time
G:\PRO-SE\LHK\CR.12\Estrada592misc.wpd

against him. After consideration of defendants' opposition and plaintiff's arguments, plaintiff has not shown that he should receive reconsideration based on any of the factors listed in Rule 60(b). The motion for reconsideration is DENIED.

## II. Motion to Compel and Motion to Stay Proceedings

Plaintiff asserts that he has requested on several occasions that defendants provide a copy of a medical memorandum dated March 24, 2008, authored by defendant Dr. Sayre at Pelican Bay State Prison. Plaintiff argues that the memorandum concerned pain medication and would support plaintiff's claim in this action. Plaintiff further asserts that defendants have failed to be forthcoming regarding the memorandum's existence. Plaintiff has also filed a motion to stay the proceedings, asserting that he has not been able to complete discovery due to defendants' failure to produce that memorandum, and that defendants are preventing him from possessing a copy of plaintiff's deposition transcript.

Defendants are ordered to respond to plaintiff's motions no later than **twenty-eight (28) days** from the filing date of this order. Plaintiff shall file any reply within **fourteen (14) days** thereafter.

## III. Motion for Extension of Time

Plaintiff's motion for an extension of time in which to file an opposition to defendants' motion for summary judgment is GRANTED. The court shall set a date for plaintiff's opposition to be filed once it has disposed of plaintiff's motion to compel and motion to stay proceedings.

IT IS SO ORDERED.

DATED: 12/4/13

LUCY H. KOH
United States District Judge